1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROY A. VAN WYK, | ) | CASE NO. 1:09-cv-02222- GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT, WITH |
| | ) | LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) | WITHIN THIRTY DAYS |
| | ) | |
| HECTOR RIOS, et al., | ) | (Doc. 1) |
| | ) | |
| Defendants. | ) | |
| _____ | / | |

**I.      Screening Requirement**

        Plaintiff  is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unkown Agents</u>,  403 U.S. 388 (1971).   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

        Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions.  <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002).

1

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Id. at 555-56 (internal quotation marks and citations omitted).  To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.   Plaintiff's Claims**

The events at issue in this action occurred at the U.S. Penitentiary at Atwater, where Plaintiff is currently housed.  Plaintiff claims that he was denied constitutionally adequate medical care, in violation of the Eighth Amendment.  Plaintiff names the following individual defendants: Hector Rios, Warden at Awater; Assistant Warden Bell; J. Franco, M.D.; L. Metry, R.N.

In March of 2006, Plaintiff was examined by a urologist, and advised that he had a hernia. Plaintiff was advised that the hernia was "nothing to worry about."  (Compl. ¶ 17.)

In December of 2008, Plaintiff presented to medical with a painful bulge in his lower right abdomen.  Plaintiff was examined by a physician from Mercy Hospital in Merced, and diagnosed with three separate hernias.  (Compl. ¶¶ 18, 20.)  On January 22, 2009, Plaintiff underwent surgery at Mercy Hospital for his hernias.   Plaintiff was treated for a left and right inguinal hernia and an umbilical hernia.  (Compl. ¶ 22.)

Plaintiff alleges that despite his complaints, "HSD and other USP Atwater staff ignored

Plaintiff's request for medical assistance." (Compl. ¶ 24.)  Plaintiff was seen by Dr. Sandberg on April 24, 2009, "due to swollen scrotum and sore right testicle." (Compl. ¶ 25.)  Plaintiff alleges that the soreness and swelling was a result of "post-surgery medical negligence and malpractice." (Compl. ¶ 26.)  Plaintiff was prescribed ibuprophen which, in Plaintiff's view, "was only masking the existing complications of pain and problems." (Compl. ¶ 27.)

Plaintiff had his hearing tested three times: July 17, 2007; November 26, 2007; December 31, 2008.  Plaintiff alleges that the tests "showed that Plaintiff's hearing pattern had been diminishing." (Compl. ¶ 33.)  Plaintiff alleges that, to date, and despite numerous requests, he has not been seen by an earn, nose and throat specialist.  (Compl. ¶ 35.)

Plaintiff has a "Bakers Cyst" on his left wrist, approximately ½ inch in diameter.  The cyst is painful to the touch.  (Compl. ¶ 41.)  Plaintiff alleges that despite his requests, the cyst has not been removed.  Plaintiff alleges that his requests "have been delayed, pushed aside and ignored." (Compl. ¶ 43.)

### A.    Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

To state a constitutional claim Plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff has failed to charge any individual defendant with specific conduct that constitutes deliberate indifference. Regarding Plaintiff's claim that he was denied adequate treatment for his hernia, Plaintiff alleges conduct by the surgeon at Mercy Hospital. As to his treatment at Atwater, Plaintiff only alleges conduct by medical staff in general. In order to hold the named defendants liable, Plaintiff must allege conduct as to each defendant indicating that the defendant knew of and disregarded a serious medical condition of Plaintiff's, resulting in injury to Plaintiff.

As to Plaintiff's claims regarding his cyst and hearing loss, the Court finds that the complaint suffers from the same defect. Plaintiff alleges conduct by medical staff in general, but fails to charge the individually named defendants with any specific conduct. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Plaintiff is also advised that, before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429

1  U.S. at 105-06). See also  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

2  **B.**    **Supervisory Liability**

3  Plaintiff names as defendants Warden Rios and Associate Warden Bell.  Liability may be

4  imposed on supervisory defendants only if (1) the supervisor personally participated in the

5  deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to

6  prevent them.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040,

7  1045 (9th Cir. 1989).  Plaintiff does not allege that facts indicating that Warden Rios or Associate

8  Warden Bell participated in, or knew of and failed to prevent, the alleged wrongs.

9  **C.**    **Unrelated Claims**

10  Further, Plaintiff is advised the Federal Rule of Civil Procedure 18 prohibits the bringing of

11  unrelated claims in a single complaint. "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A

12  party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim,

13  may join, either as independent or alternate claims, as many claims, legal equitable, or maritime, as

14  the party has against an opposing party.'  Thus multiple claims against a single party are permissible,

15  but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

16  Unrelated claims against different defendants belong in different suits, not only to prevent the sort

17  of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay

18  the required filing fees.

19  Here, the Court finds that Plaintiff's claims regarding hernia surgery, hearing loss and the

20  cyst appear to be unrelated to each other.  They are separate events and happened during different

21  time frames.  As noted, Plaintiff my bring different claims against the same defendant, but he may

22  not use a single complaint to set forth all of his medical grievances.  Should Plaintiff choose to file

23  an amended complaint, he may not set forth unrelated claims.  A single civil rights complaint is not

24  a forum to set forth all of Plaintiff's medical grievances over the years.

25  **III.**    **Conclusion and Order**

26  The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

27  which relief may be granted under section 1983.  The Court will provide Plaintiff with the

28  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

1  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

2  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

3  507 F.3d at 607 (no "buckshot" complaints).

4  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

5  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

6  Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be

7  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

8  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

9  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

10  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

11  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

12  pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

13  complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing

14  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

15  1474.

16  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

17  1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

18  2.  The Clerk's Office shall send to Plaintiff a complaint form;

19  3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

20  amended complaint;

21  4.  Plaintiff may not add any new, unrelated claims to this action via his amended

22  complaint and any attempt to do so will result in an order striking the amended

23  complaint; and

24  5.  If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with

25  prejudice, for failure to state a claim.

26

27  IT IS SO ORDERED.

28  **Dated:   November 19, 2010                     /s/ Gary S. Austin**

1

UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28