IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY A. VAN WYK,<br><br>        Plaintiff,<br><br>  v.<br><br>HECTOR RIOS, et al.,<br><br>        Defendants. | NO. 1:09-cv-02222-GSA-PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>ORDER THAT DISMISAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

      Plaintiff is a federal prisoner proceeding pro se in a civil rights action pursuant to <u>Bivens, v. Six Unknown Agents</u>, 403 U.S. 388 (1971). Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**I.    Procedural History**

      By order filed November 19, 2010, the operative complaint was dismissed for failure to state a claim. The Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted. On December 22, 2010, Plaintiff filed the first amended complaint which is now before the Court.

      The events at issue in this action occurred at the U.S. Penitentiary at Atwater, where Plaintiff is currently housed. Plaintiff claims that he was denied constitutionally adequate

medical care, in violation of the Eighth Amendment. Plaintiff names the following individual defendants: Hector Rios, Warden at Awater; Assistant Warden Bell; J. Franco, M.D.; L. Metry, R.N.

## II. First Amended Complaint

In March of 2006, Plaintiff was examined by a urologist, and advised that he had a hernia. Plaintiff was advised that the hernia was "nothing to worry about." (Am. Compl. ¶ 17.)

In December of 2008, Plaintiff presented to medical with a painful bulge in his lower right abdomen. Plaintiff was examined by a physician from Mercy Hospital in Merced, and diagnosed with three separate hernias. (Am. Compl. ¶¶ 18, 20.) On January 22, 2009, Plaintiff underwent surgery at Mercy Hospital for his hernias. Plaintiff was treated for a left and right inguinal hernia and an umbilical hernia. (Am. Compl. ¶ 23.)

Plaintiff alleges that despite his complaints, "HSD and other USP Atwater staff ignored Plaintiff's request for medical assistance." (Am. Compl. ¶ 26.) Plaintiff was seen by Dr. Sandberg on April 24, 2009, "due to swollen scrotum and sore right testicle." (Am. Compl. ¶ 27.) Plaintiff alleges that the soreness and swelling was the result of "post-surgery medical negligence and malpractice." (Am. Compl. ¶ 28.) Plaintiff was prescribed ibuprophen which, in Plaintiff's view, "was only masking the existing complications of pain and problems." (Am. Compl. ¶ 29.)

Plaintiff had his hearing tested three times: July 17, 2007; November 26, 2007; December 31, 2008. (Am. Compl. ¶ 31.) Plaintiff alleges that the tests "showed that Plaintiff's hearing pattern had been diminishing." (Compl. ¶ 33.) Plaintiff alleges that, to date, and despite numerous requests, he has not been seen by an ear, nose and throat specialist. (Compl. ¶ 35.)

### A. Eighth Amendment Medical Care

In the November 19, 2010, order, Plaintiff was advised of the following requirements to state a claim for inadequate medical care under the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate

2

indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

      To state a constitutional claim, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

      In the first amended complaint, as in the original complaint, Plaintiff's allegations

3

regarding his hernia are vague.  Plaintiff was advised that he failed to charge any individual defendant with specific conduct that constituted deliberate indifference.  Assuming as true the allegations of the first amended complaint, Plaintiff alleges conduct by the surgeon at Mercy Hospital and the Atwater medical staff in general.  Plaintiff was specifically advised that in order to hold the named defendants liable, Plaintiff must allege conduct as to each defendant indicating that the defendant knew of and disregarded a serious medical condition of Plaintiff's, resulting in injury to Plaintiff.  Plaintiff's claims regarding his hearing loss are similarly vague.  Plaintiff alleges conduct by medical staff in general, but fails the charge any of the individually named defendants with conduct that constitutes deliberate indifference.

In the order dismissing the original complaint, Plaintiff was specifically advised that in order to hold an individual defendant liable, he must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.  Plaintiff was directed to state clearly, in his own words, what happened, including describing what each defendant, by name, did to violate Plaintiff's rights.  The Court finds that Plaintiff has failed to cure the deficiencies identified in the order dismissing the original complaint.  The first amended complaint is duplicative of the original complaint.  Plaintiff alleges conduct as to medical staff in general, and complains about the quality of his medical care.  Plaintiff has not, however, charged any of the individual defendants with specific conduct that constitutes deliberate indifference.

Plaintiff, does, however, maintain his claim that the medical care he received was negligent.  Plaintiff was advised that mere indifference,  negligence, or medical malpractice does not state a claim for relief under the Eighth Amendment. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).

### III. Conclusion and Order

Because Plaintiff has not cured the defects identified in the order dismissing the original

4

1  complaint, the Court dismisses the claims made in the first amended complaint with prejudice for
2  failure to state a federal claim upon which the court could grant relief.  See <u>Noll v. Carlson</u>, 809
3  F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to
4  amend prior to dismissing for failure to state a claim).
5      Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state
6  a claim upon which relief can be granted, and that this dismissal count as a strike under 28
7  U.S.C. § 1915(g).   The Clerk is directed to close this case.

10     IT IS SO ORDERED.
11     **Dated:   June 20, 2011**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

28                                    5